

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 12, 1958

Hon. Robert S. Calvert  
Comptroller of Public Accounts  
Capitol Station  
Austin 11, Texas

Opinion No. WW-365

Re: Is the tax levied by  
Article 7047-1 appli-  
cable: To the sale of  
all three of these items,  
that is, speakers, ampli-  
fiers, and tuners when  
sold as a single unit?

Dear Mr. Calvert:

And related questions.

You request the opinion of this office upon the above-captioned matter. House Bill 630 of the Regular Session of the Fifty-fourth Legislature, presently codified as Article 7047L-1 of Vernon's Civil Statutes, imposes a tax upon the sale, distribution and use of radio and television sets in this State in the following language:

"Sec. 2. (a) There is hereby levied and shall be collected and paid upon the sale, distribution, or use of radios and television sets in this State an excise tax equal to two and two-tenths per cent (2.2%) of the retail sale price of each such radio or television set sold, distributed or used in Texas.

"Every retailer who makes a sale or distribution of a radio or television set in Texas to the user shall add the amount of said tax to the selling price which said tax shall be collected from the purchaser or recipient of such radio or television set at the time of such sale or distribution, and said tax shall be reported and paid to the State of Texas at the time and in the manner hereinafter provided. . ."

Radios and televisions are defined for the purpose of the Act as follows:

"(a) 'Radios' shall mean the apparatus

or devices commonly known and sold as radios or radio receiving sets and shall include any instrument, apparatus or mechanical contrivance constructed, assembled or designed to receive oral, musical and similar sound broadcasts transmitted by radio broadcasting stations.

"(b) 'Television Sets' shall mean the apparatus or devices commonly known and sold as television sets or TV sets, and shall include any instrument, apparatus or mechanical contrivance constructed, assembled or designed to receive television broadcasts transmitted or projected to such sets by television broadcasting stations or systems."

This tax is collected by the retailer but paid by the purchaser. Retailer is defined by the Statute in the following language:

"(c) 'Retailer' shall mean and include every person in this State who manufactures, produces, or in any other manner acquires or possesses radios and television sets for the purpose of making a resale, use, or distribution of the same in this State to the user, and it shall also include every person in this State who ships, transports or imports any radio or television set into this State and makes the first distribution of, use by, or sale to the user of same in this State."

You request us to advise you specifically if the tax is owing under the circumstances contained in your letter of December 5, 1957, from which we quote as follows:

"We are experiencing some difficulty in administering H.B. 630, Acts of the Regular Session of the 54th Legislature, in determining the application of the tax to sales of certain items now referred to in the industry as 'Hi Fi.' Hi Fi, among other things, consists of speakers, audio-amplifiers, and electronic tuners. Each of these items or components is a separate unconnected unit. No two of the units can receive and reproduce a broadcast signal.

> It takes all three units to accomplish that result, and even all three units cannot do so without being connected and installed together. No sales of television sets nor radio sets in the usual sense are involved in these questions. The tuner would operate with a pair of headphones and receive both standard and FM broadcasts.
>
> ". . . I shall thank you to answer the following questions: Is the tax levied by Article 7047-1 applicable:
>
> "(a) To the sale of all three of these items, that is, speakers, amplifiers, and tuners when sold as a single unit?
>
> "(b) Is the tax applicable to the sale of all three of these items when sold together and installed as a unit?
>
> "(c) Is the tax applicable to the sale of only one or two of these items when sold separately?
>
> "(d) Is the tax applicable to the sale of the tuner (which can receive by the additional headphone but cannot reproduce) with one of the other items?"

The tax accrues upon the first sale made in this State of radios and television sets. We must, therefore, determine, if under the various conditions mentioned in your letter, if a radio or television set is comprehended within the statutory definition of these terms. The definitions of radios and televisions, as set out in the Statute are substantially in accord with the generally accepted meaning of these terms as understood by the public generally. "Radios" or "radio receiving sets" are interchangeable and synonymous terms, and so are "televisions" and "television receiving sets", and no tax is due unless there is a sale of a radio or a radio receiving set or a television or television receiving set as defined by Statute.

The purchaser of speakers and amplifiers in single items, is in no sense the purchaser of a radio or television set within the purview of the statutory definition.

We, therefore, answer in the negative your question in subsection (a), except as to "tuners held to be taxable in answer to subsection (d)".

For the same reason we answer subdivision (b) in the negative, unless the respective parts are assembled by the retailer or seller into a radio or television set and sold and purchased as a completed unit.

For the same reason we answer subdivision (c) in the negative.

Upon the facts submitted by you, we hold that a "tuner" is taxable because it is within the statutory definition of a radio. It is capable of receiving sound and is a unit when purchased. The only thing necessary to be added is an amplifier, but without an amplifier under the facts submitted it is capable of receiving through earphones. The amplifier only adds to the volume of the sound. We, therefore, answer subdivision (d) in the affirmative.

A short answer to your questions (a), (b), and (c) is that none of the component parts, such as speakers, amplifiers, etc., purchased separately constitute a radio or radio receiving set or a television or television receiving set, hence are not taxable.

Neither is a tax applicable unless the purchase embraces a completed unit capable of receiving sound from a radio transmission station or capable of receiving sound and video from a television transmission station.

The tax is imposed upon the sale of completed radio and television sets and not upon the manufacture or assembling of the parts so as to constitute a complete radio or television set.

We pass next to that part of your opinion request pertaining to the installation of High Fidelity music system by contractors in the building of homes. For clearness we quote your question, as follows:

"A High Fidelity music system is installed by a contractor in the building of a home and includes the aforementioned component parts and also includes phonograph reproducing equipment or a TV chassis.

"(a) What portion, if any of this equipment is taxable; and when and where does the tax accrue?"

From the facts submitted by you, it appears that the contractor installs a completed radio or television set in the building constructed by him for the owner and obviously makes a charge therefor, and this regardless of whether it be what is commonly referred to as a turnkey job or upon a cost plus basis or in whatever manner the contractor is paid. The contractor makes a retail sale of a radio or television set which under the Statute is taxable.

There is no exemption found in the Statute covering radio and television sets installed by a contractor in a house as is true with radios installed in automobiles upon which a tax has been paid (Article 7047k V.C.S.). It must be assumed that the Legislature incorporated in the Act all of the exemptions it intended. The price charged for such radio or television set installed by a contractor in a building should not be too difficult to ascertain, and when ascertained the gross receipts tax, as provided in the Statute, is imposed thereon, the same to be paid by the purchaser to the contractor who in turn should make proper accounting for the tax to the State.

## S U M M A R Y

The purchaser of separate component parts necessary to complete or build a radio or television set is not subject to the Gross Receipts tax imposed upon the sales of radio or television sets under Article 7047L-1 V.C.S., for the reason there is no sale of a radio or television set as defined in the Statute. The tax is upon the sale of radio and television sets and not upon the manufacture or assembling of the parts into a radio or television set. Under the facts submitted a "tuner" is a complete radio set because it is capable of receiving sound and the addition of an amplifier is merely for the purpose of increasing the volume of the sound.

A radio or television set installed
by a contractor in a building is
subject to the gross receipts tax
imposed upon the retail sales of
radios and televisions as defined
by the Statute.  The tax is owing
by the owner of the building as
the purchaser and should be collect-
ed by the contractor and accounted
for by him to the State.

Very truly yours

WILL WILSON
Attorney General of Texas

By: L. P. Lollar
Assistant Attorney General

LPL:gs

APPROVED:

OPINION COMMITTEE
George P. Blackburn, Chairman

J. Mark McLaughlin

Ralph Rash

F. C. Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL

By  W. V. GEPPERT